```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 08-3-JMH |
| ) | |
| v. ) | |
| ) | |
| ROY HUMPHREY, ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. ) | |
| ) | |

**          **          **          **          **

This matter is before the Court on the United States of America's Motion in Limine, requesting that the Court exclude evidence about the defendant's knowledge of the victim's age from the trial of this matter [Record No. 17]. Defendant has responded [Record No. 23], and the United States of America has made a reply in further support of its motion [Record No. 24]. On March 18, 2008, this Court heard arguments on this motion and announced that it would grant the motion in limine. This Memorandum Opinion and Order is intended to set forth the Court's reasoning for that ruling and confirm the order.

With regard to prosecutions under 18 U.S.C. § 2251, the law is very clear: "producers may be convicted under § 2251(a) without proof that they had knowledge of age." *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 77, n. 5 (1994). Further, § 2251 does not include an affirmative defense for reasonable mistake of age. *See* 18 U.S.C. § 2251. This Court will not graft one onto the statute.

In so deciding, this Court declines to follow the Ninth Circuit's decision in *United States v. United States District Court for the Central District of California*, 858 F.2d 534 (1988), although Defendant has urged this Court to do so.  Frankly, this Court does not agree that a mistake of age defense must be read into 18 U.S.C. § 2251(a) in order to prevent the statute from violating the First Amendment.  *See United States v. Deverso*, __ F.3d __, 2008 WL 581218, *6 (11th Cir. March 5, 2008) (citing *United States v. Crow*, 164 F.3d 228, 236 (5th Cir. 1999) (finding defendant's constitutional challenge to § 2251 meritless); *Gilmour v. Rogerson*, 117 F.3d 368, 370-73 (8th Cir. 1997) (considering Iowan statute similar to § 2251 and concluding that the First Amendment does not mandate a mistake of age defense to the offense of sexual exploitation of a minor)); *see also United States District Court*, 858 F.2d at 544-47 (Beezer, C.J., dissenting). The Court notes (1) Congress's strong interest in banning the sexual exploitation of minors (whether they are truthful about their age or not), to which a "mistake-of-age defense is directly contrary;" (2) the fact that a producer deals directly with the minor victim (unlike most individuals who distribute, transport, or receive child pornography) and is, thus, more like a statutory rapist (in his or her ability and motivation to ascertain the true age of the victim) who has been traditionally denied a mistake-of-age

2

defense;[1] and (3) the reality that any chilling effect on otherwise protected sexually explicit adult pornography through the reluctance to use young-looking models is "qualitatively weak." *Gilmour*, 117 F.3d at 372-73. The statute is not constitutionally infirm in the absence of such an affirmative defense. At the end of the day, so long as the Court does not interfere with Defendant's ability to produce evidence relevant to the *actual* age of the alleged victim, which is an element of the crime, the Court will have sufficiently safeguarded Defendant's First and Fifth Amendment rights.

Further, relevant evidence is defined by the Federal Rules of Evidence as that "having any tendency to make the existence of any

---

[1] The United States Supreme Court has drawn this analogy between § 2251(a) and traditional statutory rape offenses, stating that the presumption of a *mens rea* requirement in criminal law "expressly excepted 'sex offenses, such as [statutory] rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent.'" *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72, n. 2 (1994). This is so because under § 2251, just like under traditional statutory rape laws where mistake of age is not a defense, "the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age." 514 U.S. at 72, n.2. The Supreme Court noted that the "opportunity for reasonable mistake of age" is extremely low in cases where the defendant comes into direct contact with the victim and she is available for questioning. *Id.* Further, the Supreme Court noted the difference in Congressional intent with respect to the statute prohibiting transportation, shipping, receipt, distribution, or reproduction of child pornography on the one hand, and production of child pornography on the other, "reflects the reality that producers are more conveniently able to ascertain the age of performers." *Id.* at 77, n. 5. "It thus makes sense to impose the risk of errors on producers" of child pornography. *Id.*

3

fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Whether Defendant (reasonably or unreasonably) believed the alleged victim to be eighteen-years-old or older is not relevant to a determination of her *actual* age. Even if he believed her to be eighteen-years-old or older, that fact would not make it any more or less likely that he employed, used, persuaded, induced, or enticed a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct if it is proven that she was, in fact, under eighteen-years-old. Only relevant evidence is admissible, and any evidence that Defendant lacked knowledge that the victim was a minor (or mistakenly believed the victim was an adult) is irrelevant and shall be excluded. Fed. R. Evid. 402.

Accordingly, **IT IS ORDERED**:

(1) that the United States of America's Motion in Limine [Record No. 17] shall be, and the same hereby is, **GRANTED**; and

(2) that evidence concerning the defendant's knowledge of the victim's age shall be excluded from the trial of this matter.

This the 18th day of March, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge